UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABC,<br><br>                              Plaintiff,<br><br>           -against-<br><br>DEF, ET AL.,<br><br>                              Defendants. | 25-CV-3169 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this *qui tam* action under the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq*. He seeks leave to proceed *in forma pauperis* (IFP).[1]

The FCA imposes civil liability on any person who, among other things, knowingly presents, or causes to be presented, to an officer or employee of the federal government, a false or fraudulent claim for payment or approval. 31 U.S.C. § 3729(a). The federal government, or a private person (known as a "relator"), may bring suit for the United States in a *qui tam* action where there has been fraud on the federal government. 31 U.S.C. § 3730(a), (b)(1*); see United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009). The FCA provides that "the complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders." 31 U.S.C. § 3730(b)(2).[2]

---

[1] The Court will address, by separate order, Plaintiff's failure to fully complete the IFP application.

[2] The purpose of this requirement "is to allow the government time to investigate the alleged false claim and to prevent *qui tam* plaintiffs from alerting a putative defendant to possible investigations." *United States ex rel. Grupp v. DHL Express (USA), Inc.*, 742 F.3d 51, 54 (2d Cir. 2014) (citing *United States ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 998-99 (2d Cir. 1995)).

Relators act as "partial-assignees of the United States' claim to recovery," *United States ex rel. Eisenstein v. City of New York*, 540 F.3d 94, 101 (2d Cir. 2008) (citation omitted), and the United States "remains the real party in interest," *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) (internal quotation marks and citation omitted). In order to proceed *pro se*, however, "[a] person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *see* 28 U.S.C. § 1654. Because a *qui tam* action is "not the relator's 'own' case . . . , nor one in which he has 'an interest personal to him,'" a litigant cannot pursue such an action *pro se*. *See Flaherty*, 540 F.3d at 93 ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed *pro se*." (citing § 1654 and *Iannaccone*, 142 F.3d at 558)).

Accordingly, because Plaintiff cannot proceed *pro se* with a *qui tam* action, the Court grants Plaintiff 30 days' leave to either (1) retain an attorney, who must file a notice of appearance; or (2) withdraw this action. If Plaintiff does not retain an attorney or withdraw this action within 30 days of the date of this order, the action will be dismissed without prejudice without further order of the Court and judgment shall enter. If Plaintiff wishes to proceed *pro se* with non-FCA claims arising from the same facts, he may do so by bringing a separate action.

Having conducted an *in camera* review of Plaintiff's complaint, the Court directs that the seal shall be lifted as to this order and subsequent orders issued by the Court. Plaintiff may, at this time, continue to submit further documents under seal.

## CONCLUSION

After *in camera* review of Plaintiff's complaint, the Court directs that the seal shall be lifted as to this order and subsequent orders issued by the Court. The Clerk of Court shall create an electronic docket, and this order shall be available on the public docket. Plaintiff's submissions shall remain under seal until further order of the Court lifting the seal. Plaintiff has

consented to electronic service of documents, and the Clerk of Court is directed to list Plaintiff's name on the electronic docket as ABC, and to include his email address.

The Court grants Plaintiff 30 days' leave to either (1) retain an attorney, who must enter a notice of appearance; or (2) withdraw this action. If Plaintiff does not retain an attorney or withdraw this action within 30 days of the date of this order, the action will be dismissed without prejudice without further order of the Court, and judgment shall enter. If Plaintiff wishes to assert non-FCA claims arising from the same facts, he may do so by filing a separate action and paying the filing fees or applying to proceed IFP in that new action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 24, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge