UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABC,<br><br>                    Plaintiff,<br><br>       -against-<br><br>DEF, ET AL.,<br><br>                    Defendants. | 25-CV-3169 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this application styled as a *qui tam* action under the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq*. Pursuant to procedures of the Clerk of Court, the matter was filed under seal.

By order dated April 28, 2025, the Court notified Plaintiff that she could not bring a *qui tam* action *pro se*.[1] The Court therefore directed that, unless Plaintiff retained an attorney who entered a notice of appearance within 30 days, the action would be dismissed without prejudice, and Plaintiff must bring any claims not arising under the FCA in a separate action. (ECF 2.)[2] No attorney has appeared on Plaintiff's behalf, and the time to do so has expired. This action is

---

[1] *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed *pro se*." (citing 28 U.S.C. § 1654 and *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)). The Court's April 28, 2025 order (ECF 2) was provided to Plaintiff in person at the Pro Se Intake Unit.

[2] Plaintiff has also submitted separate applications. One submission is a "Notice of Intent to Remove State Proceed[ings]," apparently involving a Bronx Family Court matter; Plaintiff states that she "will file the complete removal petition upon securing evidence under seal." Plaintiff also submits an application involving a relative who is incarcerated at Green Haven Correctional Facility, but she states that the filing "is not intended for immediate judicial action but rather to provide a confidential and contemporaneous record" under seal. Because this order closes this action, dismissing all claims without prejudice, any such applications must be submitted as new and separate actions.

therefore dismissed in its entirety without prejudice. Because Plaintiff cannot proceed *pro se* under the FCA, there is also no basis for permitting further submission of documents under seal.

## CONCLUSION

This order shall be available on the public docket. The action is dismissed in its entirety without prejudice.

Because this case is now closed, any further documents that Plaintiff submits, such as a notice of appeal, will be available on the public docket unless otherwise ordered.

The Clerk of Court is further directed to list the parties on the public docket as follows: Plaintiff Brendalis Roldan and Defendants Bronx County Family Court; Judge Waksberg; Clerk Supervisor Cynthia; Attorney Elizabeth Wilder; CPS Officer Danielle Brennan; and Unknown John/Jane Does 1-10.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 29, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge